# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| DAVID STALL, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   NO. 2:17-cv-0060 |
| | )   CHIEF JUDGE CRENSHAW |
| SAM BENNINGFIELD, ODDIE | ) |
| SHOUPE, DONNA DANIELS, | ) |
| and WHITE COUNTY, TN, | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court are Plaintiff's Motion to Certify Class (Doc. No. 12) and Defendants' Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction (Doc. No. 13).

### Background

Plaintiff is a male citizen who, at the times relevant to this action, was incarcerated in the White County, Tennessee jail. Defendant Benningfield was the White County General Sessions Judge. Defendant Shoupe was the White County Sheriff, and Defendant Donna Daniels was a White County Deputy Sheriff. White County, Tennessee, is a political subdivision of Tennessee that operates the White County Sheriff's Office.

Plaintiff alleges that, on May 15, 2017, Defendant Benningfield issued a "Standing Order" providing, among other things, that any White County male inmate serving a sentence for the General Sessions Court who had a free vasectomy would be given a thirty-day credit on his sentence

(Doc. No. 1-1).[1] Plaintiff claims that this Standing Order violated both the United States and the Tennessee Constitutions, and he seeks declaratory relief, punitive damages and attorneys' fees. Plaintiff alleges that Defendants Shoupe and Daniels impermissibly encouraged all male inmates to have the vasectomy procedure in exchange for a thirty-day sentence reduction. Plaintiff did not have the procedure.

Although Plaintiff does not include this relevant fact, on July 26, 2017, Defendant Benningfield issued a Supplemental Order titled "Order Rescinding Previous Standing Order" that purported to rescind the May 15, 2017 Standing Order (Doc. No. 13-1). The Court may take judicial notice of this Order because it relates directly to - indeed, it rescinds - the Standing Order challenged by Plaintiff in this case.[2]

On May 1, 2018, Tennessee Governor Bill Haslam signed into law Senate Bill 2133, which expressly forbids conditioning the length of any criminal sentence on the defendant's submitting to any form of temporary or permanent birth control, sterilization or family planning services. (Doc. No. 50-2). Therefore, the alleged misconduct is now illegal by statute. This action is one of four in this Court challenging the constitutionality of Defendant Benningfield's Orders and the actions of White County officials in response thereto.[3]

---

[1] Similarly, the Standing Order provided that any female inmate who received a free Nexplanon surgical implant would be given a thirty-day credit on her sentence.

[2] In addition to the allegations of the Complaint, the Court may also consider other materials that are integral to the Complaint, are public records, or are otherwise appropriate for the taking of judicial notice. Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp., 413 F.3d 553, 560 (6th Cir. 2005).

[3] The other three are Ward v. Shoupe, No. 2:17-cv-0047; Sullivan v. Benningfield, No. 2:17-cv-0052; and Garrett v. Shoupe, No. 2:17-cv-0059.

Motions to Dismiss

Defendants have moved to dismiss the Complaint for lack of jurisdiction and for failure to state a claim for which relief may be granted. For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

Standing

Article III of the United States Constitution limits the jurisdiction of federal courts to hear only actual cases and controversies. U.S. Const. art. 3, § 2; Lyshe v. Levy, 854 F.3d 855, 857 (6th Cir. 2017). The doctrine of standing aids in defining these limits. The plaintiff has the burden of establishing standing. Id. To establish Article III standing, a plaintiff must show: (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. List v. Driehaus, 134 S.Ct. 2334, 2341 (2014). An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical. Id. An allegation of future injury may suffice

3

if the threatened injury is certainly impending or there is a substantial risk that the harm will occur. Id. A plaintiff must establish that he has a personal stake in the outcome of the controversy. Lyshe, 854 F.3d at 857. Whether a party has standing is an issue of the court's subject matter jurisdiction. Id.

Defendants argue that Plaintiff was not injured as a result of Judge Benningfield's Orders and there is no future injury imminent. Plaintiff did not receive the offered vasectomy. Plaintiff argues that the Standing Order subjected him to an additional thirty days in jail because he was unwilling to get a vasectomy. That characterization is misleading. Plaintiff's sentence was not *increased* if he did not get the procedure. Under the Standing Order, failure to get a vasectomy did not change an inmate's sentence; rather, getting the procedure entitled the inmate to a *credit* toward his sentence. In other words, Plaintiff did not serve longer than he was originally sentenced because he did not agree to a vasectomy. His claim actually concerns whether the alleged denial of a sentence *credit* violated his constitutional rights. Plaintiff has not shown the existence of a constitutional right to a sentence credit.

In any event, the challenged behavior has stopped. As to any present or future injury, Plaintiff's claim is moot. As noted above, the Standing Order has been rescinded such that it is no longer in effect, and the General Assembly in Tennessee has now made it illegal to condition the length of someone's sentence based upon willingness to undergo birth control or sterilization procedures. Plaintiff has not identified an injury that can be remedied by this Court. There is no risk of imminent injury and, therefore, no standing for Plaintiff to bring this action.

Plaintiff asks the Court to declare the Standing Order and Order Rescinding Previous Standing Order unconstitutional. The conduct addressed by those Orders is stopped and is now

prohibited by state law. The Court finds it unnecessary and also imprudent to determine the constitutionality of Orders that are no longer in effect and which cannot legally be enforced. <u>Jones v. Haynes</u>, 2018 WL 2684310 at * 4 (6th Cir. June 5, 2018). The Court declines to order such relief.

## Conclusion

For these reasons, Defendants' Motion to Dismiss (Doc. No. 13) will be granted, and this action will be dismissed. Accordingly, Plaintiff's Motion to Certify Class (Doc. No. 12) will be denied as moot.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE